**UNITED STATES of America,**
**Plaintiff,**

v.

**Roberto ROSICH BACHS, Vilma Le-bron Huerta, Angel Carrasquillo Vil-lafañe, Angel David Miranda, Julio Santos Colon, German Baco Cuebas, Marisol Vega Delgado, Raul Feliciano Arieta, Defendants.**

No. CRIM. 96–0289CCC.

United States District Court,
D. Puerto Rico.

Aug. 10, 2000.

Guillermo Gil, U.S. Attorney, Robert Wallace, Trial Attorney, Department of Justice, Hato Rey, PR, for Plaintiff.

Rachel Brill, Hato Rey, PR, for Defendants.

## ORDER

CEREZO, District Judge.

■ Presently before the Court is that part of defendants Germán Bacó and Angel David Miranda's Request for Specific Jencks and Giglio Material (docket entry 420) which has to do with statements of Mr. Jaime Rosich and other prosecution witnesses during interviews with government agents. The government responded that its witnesses "have not written statements nor adopted notes or reports written by investigating officials" and that none of the notes or reports of their interviews prepared by the agents contain impeachment material.[1] Government's response, docket entry 447, p. 2, ¶ 1(c).

On May 25, 2000, the Court entered an Order requiring the government to produce for in camera inspection "any written reports of interviews of Jaime Rosich and other government witnesses in order ... to determine if they fit the definition of statement set forth in 18 U.S.C. § 3500(e)(2). Docket entry 452.

■ The government's response intimates that for a statement to fall within the statutory definition of the Jencks Act it must be a written statement signed by the witness or otherwise approved or adopted by him. Under this narrow reading of the statute, the 302's or agents' reports of interviews would not qualify as a Jencks statement. The difficulty with this reasoning is that it limits statements within the meaning of the statute which the government is required to produce to those defined only under 18 U.S.C.

---

1. Whether or not a statement possesses impeachment value is not for the government to unilaterally decide.

§ 3500(e)(1). It disregards the (e)(2) statements defined as "a substantially verbatim recital of any oral statement made by a witness which is contemporaneously recorded or transcribed." In *Palermo v. United States*, 360 U.S. 343, 79 S.Ct. 1217, 1224, 3 L.Ed.2d 1287 (1959), the Court observed that "[c]lause (2) widens the definition of 'statement'." *See also U.S. v. Sasso*, 59 F.3d 341, 351 (2d Cir.1995) (statement is defined to include not only a prior written statement that the witness has signed or adopted, but also a contemporaneously prepared substantially verbatim written record of the witness' oral statements); *U.S. v. Rewald*, 889 F.2d 836, 868 (9th Cir.1989) (district court erred in considering the production of documents only under section (e)(1) and failing to consider whether the 302 reports contained substantially verbatim recitals of interviews producible under subsection (e)(2).) Two years later, in *Campbell v. U.S.*, 365 U.S. 85, 81 S.Ct. 421, 425, 5 L.Ed.2d 428 (1961), the Court stated that "[t]he command of the statute is designed to further the fair and just administration of criminal justice, a goal of which the judiciary is a special guardian." Thus, if the statement falls within either of the two definitions provided by the Act, defendant is entitled to its disclosure. It is for the trial court to determine on a case by case basis whether a particular statement falls within the statutory standard.

There are two important features of an (e)(2) statement that must be noted: (1) it does not have to be exactly verbatim, but it must be substantially verbatim, *U.S. v. Martinez*, 87 F.3d 731, 735 (5th Cir.1996), *U.S. v. McKeever*, 271 F.2d 669, 675 (2d Cir.1959) and (2) it does not have to be signed by the witness nor necessarily adopted or approved by him. Therefore, if it complies with the requirements that it be a substantially verbatim recital of an oral statement and the recording or transcription is contemporaneously made, defendant is entitled to have access to the same.

A review of the reports of interviews may by itself be sufficient to determine whether it is an (e)(2) statement. Sometimes, however, inspection of the document is not enough and the Court must receive extrinsic evidence to assist it in making its determination. The particular statements submitted under seal in this case, except for one dated March 26, 1997 which are sketchy notes, appear to be producible as (e)(2) statements in that the detailed, comprehensive factual narratives set forth therein can fairly be deemed to reflect what was said to the agent by the witness without distortion, misinterpretation, selectivity or subjective interpretations by the interviewer. They seem to reflect having been prepared with the aid of complete notes. We have not adverted any problem as to the transcription being contemporaneous with the making of the oral statements.

This notwithstanding, the government is allowed, within the term of ten (10) days after notice, to produce any evidence which would establish that any particular statement contained in the interview reports does not qualify as an (e)(2) statement and should therefore be withheld.

SO ORDERED.